Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Carl E. Andrews**, an individual;<br><br>    Plaintiff,<br><br>v.<br><br>**Toyota Motor Credit Corporation**, a California corporation;<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff, upon information and belief, alleges as follows:

### I.  PRELIMINARY STATEMENT

1.  Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*  Plaintiff seeks statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331.

3. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

4. Plaintiff is a natural person residing in Maricopa County, Arizona.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the FCRA.

6. Defendant Toyota Motor Credit Corporation ("Toyota") is a California corporation authorized to do business in Arizona.

7. Toyota is both a "person" as defined by FCRA § 1681a(b), and a "user" of credit reporting information as contemplated under FCRA § 1681b(f).

## IV. FACTUAL ALLEGATIONS

8. In September 2005 and again in December 2005 Toyota obtained Plaintiff's credit report from TransUnion, LLC, one of three national consumer reporting agencies.

9. At the time Toyota obtained the two credit reports on Plaintiff in September and December 2005, Plaintiff had no business relationship with Toyota.

10. At the time Toyota obtained Plaintiff's credit reports

|   |     |                                                                                      |
|---|-----|--------------------------------------------------------------------------------------|
| 1 |     | in September and December 2005, Toyota had no legal or                               |
| 2 |     | permissible purpose to obtain and/or use Plaintiff's                                 |
| 3 |     | credit reports as required by the FCRA, 15 U.S.C. §                                  |
| 4 |     | 1681b(f).                                                                            |
| 5 | 11. | At the time Toyota accessed Plaintiff's credit reports                               |
| 6 |     | in September and December 2005, it falsely represented                               |
| 7 |     | to TransUnion that it had permissible purpose to obtain                              |
| 8 |     | and use Plaintiff's credit reports.                                                  |
| 9 | 12. | Toyota's impermissible access and/or use of Plaintiff's                              |
|10 |     | credit reports were for purposes beyond the scope of the                             |
|11 |     | FCRA, 15 U.S.C. § 1681b(f).                                                          |
|12 | 13. | At the time Toyota accessed Plaintiff's credit reports                               |
|13 |     | as described above, Toyota did not have a lawful purpose                             |
|14 |     | for requesting, obtaining and using Plaintiff's consumer                             |
|15 |     | reports, and therefore its requests, acquisition and /                               |
|16 |     | or use of Plaintiff's consumer reports were in violation                             |
|17 |     | of FCRA § 1681b(f) and/or 1681q.                                                     |
|18 | 14. | Toyota's failure to comply with the FCRA when it                                     |
|19 |     | requested, obtained and/or used Plaintiff's consumer                                 |
|20 |     | reports as alleged above was willful, as contemplated                                |
|21 |     | under 15 U.S.C. § 1681n of the FCRA.                                                 |
|22 | 15. | In the alternative, Toyota's request for, acquisition                                |
|23 |     | of, and use of Plaintiff's credit reports as alleged                                 |
|24 |     | above constituted the knowing and willful receipt of                                 |
|25 |     | information on a "consumer" (as that term is defined                                 |
|26 |     | under the FCRA) from a consumer reporting agency under                               |

1    false pretenses, as contemplated under 15 U.S.C. § 1681n
2    and § 1681q of the FCRA.
3  16. In the alternative Toyota's failure to comport with the
4    FCRA when it requested, obtained and/or used Plaintiff's
5    consumer reports as alleged above was negligent, as
6    contemplated under 15 U.S.C. § 1681o of the FCRA.
7  17. At no time had Plaintiff furnished written instructions
8    authorizing Toyota to access his credit reports.
9  18. As a direct result and proximate cause of Toyota's
10    actions set forth herein, Plaintiff has suffered
11    damages.

## V.   CAUSES OF ACTION

### a.   Fair Credit Reporting Act

14 19. Plaintiff repeats, realleges, and incorporates by
15    reference the foregoing paragraphs.
16 20. Toyota did not have a permissible purpose in accessing
17    and using Plaintiff's credit reports in September and
18    December 2005, as required by the FCRA § 1681b(f).
19 21. As a result of the actions of Toyota, Plaintiff has been
20    damaged.
21 22. Pursuant to FCRA § 1681o, any person who is negligent in
22    failing to comply with any requirement imposed under the
23    FCRA with respect to any consumer is liable to that
24    consumer in an amount equal to the sum of (1) any actual
25    damages sustained by the consumer as a result of the
26    failure and (2) in the case of any successful action to

|    |     |
|----|-----|
| 1  | enforce any liability under 15 U.S.C. § 1681*o*, the costs |
| 2  | of the action together with reasonable attorneys' fees. |
| 3  | 23. As a result of Defendant's negligent failure to comply |
| 4  | with the FCRA, Defendant is liable to Plaintiff in an |
| 5  | amount equal to the sum of (1) any actual damages |
| 6  | sustained by Plaintiff as a result of said failure and |
| 7  | (2) the costs of this action together with reasonable |
| 8  | attorneys' fees. |
| 9  | 24. Pursuant to 15 U.S.C. § 1681n, any person who willfully |
| 10 | fails to comply with any requirement imposed under the |
| 11 | FCRA with respect to any consumer is liable to that |
| 12 | consumer in an amount equal to the sum of (1) any actual |
| 13 | damages sustained by the consumer as a result of the |
| 14 | failure or damages or not less than $100.00 and not more |
| 15 | than $1,000.00; (2) such amount of punitive damages as |
| 16 | the court may allow; and (3) in the case of any |
| 17 | successful action to enforce any liability under 15 |
| 18 | U.S.C. § 1681n, the costs of the action together with |
| 19 | reasonable attorneys' fees. |
| 20 | 25. As a result of Defendant's willful failure to comply |
| 21 | with the FCRA, Defendant is liable to Plaintiff in an |
| 22 | amount equal to the sum of (1) any actual damages |
| 23 | sustained by Plaintiff as a result of the failure or |
| 24 | damages of not less than $100.00 and not more than |
| 25 | $1,000.00 for each such violation; (2) such amount of |
| 26 | punitive damages as the court may allow; and (3) the |

1 costs of this action together with reasonable attorneys'
2 fees.

### VI.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)   Actual damages in an amount to be shown at trial;

b)   Statutory damages pursuant to FCRA § 1681n;

c)   Punitive damages pursuant to FCRA § 1681n;

d)   Costs and reasonable attorney's fees; and

e)   Such other relief as may be just and proper.

DATED   August 31, 2006  .

**FLOYD W. BYBEE, PLLC**

  s/ Floyd W. Bybee  
Floyd W. Bybee, #012651
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office:  (480) 756-8822
Fax:  (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

- 6 -